THE TRADSMEN'S NATIONAL BANK in the city of New York *vs.* McFEELY and others, executors, &c.

A complaint, in an action brought by a bank against executors, to recover the amount of an over credit given to the testator, by mistake, a part of which was paid to the testator, in his lifetime, and the rest to the executors, states only one cause of action; and is not demurrable on the ground that several causes of action have been improperly united.

In such a case, the law will imply a promise on the part of the testator, in his lifetime, and of his executors after his death, to repay the amount which he overdrew, and a promise by the executors to repay the sum which they withdrew.

And where the complaint alleges that part of the amount was withdrawn by the deceased, and part by the executors, the law will raise a promise, on the part of the latter, to repay the whole; and an action can be supported on that promise.

THIS action was brought by the respondents, a national bank, located in the city of New York, to recover of the defendants, as executors of John J. McKinney, deceased, $600, and interest from March 23d, 1870, the principal sum claimed being an over credit given to the testator, in his lifetime, by mistake of the respondents.

The complaint alleges: 1st. The plaintiffs' incorporation, and the death of John J. McKinney. 2d. The appointment of the defendants as executors. 3d. That said deceased, in his lifetime, kept an account with the plaintiffs, and they, by mistake, inadvertently credited to said McKinney the sum of $600; that, during his lifetime, the plaintiffs paid, by mistake, a part of said sum to him, and that at the time of his decease he had standing to his credit on the books of the plaintiffs, by their mistake, a balance of $558.04. 4th. That after the death of McKinney, and after the defendants had qualified as his executors, and before the plaintiffs discovered their mistake, they paid over to the defendants, as such executors, the aforesaid balance. 5th. That afterwards the plaintiffs discovered their error, and thereupon duly proved this claim, and presented it to the said executors, and demanded re-

payment, which the defendants, as executors, refused. 6th. That the defendants, as executors of said deceased, are, and his estate is, indebted to the plaintiffs in the sum of $600, and interest, for money overpaid by mistake; and that the defendants have unreasonably neglected and refused to refer this claim as provided by the statute; and demands judgment for the full sum claimed.

.To this complaint the defendants demurred, alleging: " That it appears upon the face of the complaint that several causes of action have been improperly united, * * * that is to. say, 'that the plaintiffs have united in their complaint a cause of action against the defendants, as executors of John J. McKinney, deceased, with a cause of action against the defendants individually."

The demurrer came on to be argued at the June special term, 1871, and was, after hearing, overruled, and judgment ordered for the plaintiffs, with costs.

The following opinion was delivered at special term:

SUTHERLAND, J.   I think it must be conceded, that the complaint contains two causes of action; one to recover the part of the $600, paid by mistake to the defendants' testator, in his lifetime, and the other to recover the balance of the $600 paid to the defendants as his executors, after his death.

The question presented by the demurrer is, could these two causes of action properly be united ?   Upon the whole, I think they could, though the question is not free from difficulties.   As to the first cause of action, that is, to recover the part of the $600 paid to the defendants' testator in his lifetime, of course the action was properly brought against the defendants as his executors.   Before the Code, in stating this cause of action, the complaint, or count, would have alleged a promise by the testator, in his life-

time, to pay back the money to the plaintiffs, or a like promise by the defendants, as his executors, after his death. I presume either allegation would have been sufficient, and that it would not have made the complaint, or count, demurrable, to have alleged promises by the testator in his lifetime, and by the defendants, as his executors, after his death, both.

Before the Code, it was a settled rule of pleading, that a count on a promise made by an executor or administrator, as such, and in which he is not charged as personally liable, may be joined with a count on a promise made by the intestate, or testator. (*Carter* v. *Phelps' adm'r*, 8 *John*. 441, 442, *citing cases, and Chitty on Pl.*)

The question is, therefore, whether, on the facts stated in the complaint, the defendants are liable, as executors, to pay back, or refund the balance of the $600 to the plaintiffs, or, in other words, whether the plaintiffs are entitled to a judgment against the defendants in their representative capacity, to be paid out of the testator's estate, for the balance of the $600, alleged in the complaint to have been paid to them, or drawn by them after his death, as such executors. I think, under the circumstances stated in the complaint, the defendants are liable, as executors, to refund, or pay back, the balance of the $600, and that the plaintiffs are entitled to a judgment against them as executors, for it, though the transaction of the payment of such balance took place after the testator's death, and though, of course, it cannot be said that the testator, in his lifetime, was indebted to the plaintiffs for the same, or contracted to pay the same, or that he was, in his lifetime, at all liable to pay back, or refund the same. But, from the facts stated in the complaint, I think the presumption is, that such balance was paid to the defendants, for the use and benefit of the estate of their testator, and that they, as executors, have used it, or can and will use it, for the benefit of the estate; and, on this ground, I think

they were, and are liable and bound, as executors, to pay back the balance so paid to them, as executors. In *Choteau* v. *Suydam*, (21 *N. Y.* 183, 184,) Judge Selden refers, with appproval, to cases holding that an action at law will lie against an executor, as such, for money paid at the request of the executor, for the use of the estate; and *Williams*, in his work on *Executors*, says the same, citing certain English cases. (*See also*, *Pugsley* v. *Aikin*, 11 *N. Y.* 494, 497.)

I have not overlooked the case of *Ferrin* v. *Myrick*, (41 *N. Y.* 315, 322, 323;) nor *Myer* v. *Cole*, (12 *John.* 349;) *Demott* v. *Fields, adm'r*, (7 *Cowen*, 58,) and *Gillet* v. *Hutchinson's adm'r*, (24 *Wend.* 184.)

There is much difficulty in reconciling the general doctrine and scope of the opinion of the majority of the court in *Ferrin* v. *Myrick*, with what Judge Selden says in *Choteau* v. *Suydam*, but I cannot think that the Court of Appeals, in *Ferrin* v. *Myrick*, meant to go so far as to say that moneys paid to executors, as such, by mistake, under circumstances like those stated in the complaint in the principal case, could not, in an action at law, be recovered back from the executors, as such.

There must be judgment for the plaintiffs on the demurrer, with costs, with leave for the defendants to answer in twenty days, on payment of the costs of the demurrer.

Judgment being entered, at the special term, in accordance with this opinion, the defendants appealed.

*John Todd*, for the appellants.

I. The complaint in this action is framed to recover against the defendants, as executors, &c., of John J. McKinney, deceased, both the sum of $41.97, which, as the plaintiffs allege, McKinney owed the bank at the time of his death, and the sum of $558.03, which McKinney never owed the bank. If this is not uniting several causes

of action, there never can be such a case. If, with the claim for the money drawn out of the bank by McKinney, in his lifetime, the plaintiffs had united a claim against the defendants, as executors of McKinney, upon a promissory note made by McFeely and McCloskey, individually, it could scarcely be questioned that several causes of action were united. Yet the estate of McKinney is no more liabe for the $558.03, drawn out of the bank by McFeely and McCloskey, after McKinney's death, than that estate would be liable to pay the promissory notes of McFeely and McCloskey, held by the bank. Whether properly or improperly, therefore, this complaint unites several causes of action.

II. A complaint, framed to recover in one action against the defendants, as executors, a claim against the defendants in their representative capacity, and a claim against them personally, improperly unites several causes of action, and is bad on demurrer. The illustration already given, of uniting in one complaint a claim against executors upon a debt due by the testator, and a claim against them upon their individual promissory note, is in point here, and entirely conclusive. If McFeely and McCloskey had a right, as executors of McKinney, to receive the $558.03 from the bank, there is not any cause of action. If they were not entitled to receive the money as executors, they had not any right to it at all, and may be compelled to refund it. Not having the right to receive the money as executors, it never belonged to the estate of the testator, and could never go into the estate. Never having belonged to the estate of the testator, the executors are not accountable, or liable, for it to creditors of the testator, or legatees or distributees under his will. The money never having gone into the funds of the estate, the amount, it is submitted, cannot be taken out of those funds. The executors are not the agents of the creditors and legatees of the testator. They have certain specific powers

given them by law and the will of the testator to administer the estate of the testator. The creditors and legatees of McKinney were not parties to the transaction between the bank and Messrs. McFeely and McCloskey. They did not contribute to the mistake on the part of the bank, and had no hand in putting the money into the possession of McFeely and McCloskey. The effect of the decision overruling the demurrer is to leave this $558.03 in the hands of McFeely and McCloskey, and make the creditors or legatees of McKinney pay it. The debts of the testator are to be paid out of the estate of the testator. The individual liabilities of the executors are to be paid out of the pockets of the individuals. The judgment and execution in the one case, would be against the goods of the testator, in the other, against the proper goods of the defendants.

In respect to the debt due by the testator at the time of his death, the provisions of the Revised Statutes relative to the order of the payment of the debts of the deceased, the reference of claims against the estates of deceased persons, the exemption from liability for costs, unless payment was unreasonably resisted or neglected, or the executor refused to refer, and the prohibition against issuing execution against an executor, unless on an order of the surrogate who appointed him, (2 *R. S.* 87; *Id.* 89, §§ 27 *to* 42, *Edm. ed.*,) all apply. The debts of the testator are, by the statute, to be paid in full, if the assets are adequate, or *pro rata* where there is a deficiency. (2 *R. S.* 87, § 27. *Id.* 89, *Edm. ed.*) But there is not any provision for paying debts not debts of the testator. No execution can issue upon a judgment against an executor or administrator until an account of his administration shall have been rendered and settled, or unless on an order of the surrogate who appointed him. And if an account has been rendered to the surrogate by such executor or administrator, execution shall issue only for the sum that shall have appeared, on the settlement of such account,

to have been a just proportion of the assets applicable to the judgment. (2 *R. S.* 88, § 32. *Id.* 90, *Edm. ed.*) But the statute does not provide for an accounting for moneys not assets of the estate of the testator, nor for ascertaining what proportion of the assets of the estate of the testator are applicable to the payment of a judgment on a demand, upon which the estate of the testator was never liable. Again; any executor or administrator, six months after the granting of his letters testamentary, or of administration, may insert a notice in two newspapers requiring " all persons having claims against the deceased to exhibit the same, with the vouchers thereof, to such executor or administrator." (2 *R. S.* 88, § 34. *Id.* 90, *Edm. ed.*) And if a claim against the estate of any deceased person be exhibited to the executor or administrator, and be disputed or rejected by him, and the same shall not have been referred, the claimant must, within six months after such dispute or rejection, commence a suit for the recovery thereof, or be forever barred from maintaining any action thereon. (2 *R. S.* 89, § 38. *Id.* 91, *Edm. ed.*) And in such suit no costs shall be recovered against the defendants, nor shall any costs be recovered in any suit at law, against any executor or administrator, to be levied of their property, or of the property of the deceased, unless it appear that the demand on which the action was founded, was presented within the time aforesaid; that its payment was unreasonably resisted or neglected, or that the defendant refused to refer the same pursuant to the statute. (2 *R. S.* 90, § 41. *Id.* 92, *Edm. ed.*) These provisions of the Statute apply to the claim brought by the bank against these executors, for the $41.97, which, it is alleged, the bank allowed, by mistake, McKinney to draw, in his lifetime. But the claim for the $558.03 never was a " claim against the deceased," and is not within any of these provisions. It is not subject to the short limitation prescribed by the 38th section, above recited, of the stat-

ute, nor, in case the bank should recover, could the executors claim exemption from costs under the 41st section. By uniting the claim with the claim against the deceased, the executors are deprived of all the immunities which it is the object of these sections of the statute to provide. The objection which the defendants took to this complaint is, therefore, of substance, and not, by any means, merely technical. So, on the other hand, if, as the plaintiff alleges, these defendants have received money to which they were not entitled, which the bank paid to them by mistake, when a claim shall be made against them for that money, on being satisfied that the facts are as alleged by the bank, they may refund that money, but in the shape in which this claim has been made, and, by this complaint, is made, they are required, by the bank, to pay, not only the money paid to them, but money drawn out by the deceased in his lifetime, of the facts in respect to which they have not any knowledge, and whether the estate of the testator will pay that debt in full or not, they are not able to determine. And, in this respect, again, this objection is of substance, and not merely technical. Justice Sutherland considers that "the presumption is, that the $558.03 was paid to the defendants for the use and benefit of the estate of their testator, and that they, as executors, have used the money, or can and will use it, for the benefit of the estate." With all respect, the defendants submit that there is not any such presumption. Executors are authorized to collect moneys belonging to the estate of the testator, not to receive money not belonging to that estate. The estate has not any claim to moneys which do not belong to it, and it is not in accordance with ordinary experience, that an agent for others should use, for their benefit, money which did not belong to them. Justice Sutherland founds his decision upon some expressions of Judge Selden, in delivering the opinion of the court in *Chouteau* v. *Suydam*, (21 *N. Y.* 183, 184;) and if the learned

judge is right, that case must be regarded as overruling the subsequent case of *Ferrin* v. *Myrick*, (41 *N. Y.* 315.) It is submitted that the judgment of the court, in *Ferrin* v. *Myrick*, is controlling; that there is not any conflict between that case and *Chouteau* v. *Suydam ;* and that the authorities and the elementary writers are uniform in the determination that an allegation that the defendant, as executor, was indebted to the plaintiff for so much money lent by the plaintiff to the defendant, as executor, and that the defendant, as executor, promised to pay, or an allegation which charges that the defendant, as executor, was indebted to the plaintiff for money had and received by the defendant, as executor, for the use of the plaintiff, and that, in consideration thereof, the defendant, as executor, promised to pay, charges the defendant personally, and that such allegations cannot be united with allegations upon liabilities incurred, or contracts made by the testator in his lifetime. (*Myer* v. *Cole*, 12 *John.* 349. *Chouteau* v. *Suydam*, 21 *N. Y.* 179. *Ferrin* v. *Myrick*, 41 *id.* 315. *Rose* v. *Bowler*, 1. *H. Black.* 108. *Williams on Executors*, 1607, *and cases cited.*) The claim in this case is for $558.03, lent and advanced by the plaintiff to the defendants, as executors, &c., of McKinney, or had and received by the defendants as executors, &c., of McKinney, to the use of the plaintiff. An allegation upon that claim cannot be united with an allegation upon the claim for the $41.97 lent and advanced by the plaintiff to the testator in his lifetime, or had and received by the testator in his lifetime to the use of the plaintiff.

III. It is suggested that although the court cannot, in this case, try, and give judgment on, this complaint upon the claim against the defendants personally, the court may, on the trial, disregard the claim against the defendants personally, and try, and give judgment upon, the claim against the defendants, as executors. The privilege of such an alternative was not allowed in any of the cases

which have been cited, and there is not any reason for originating such a practice or contrivance, in the present case. Where two or more causes of action are properly united, the plaintiff may try either, or all, as he may see fit, and there is not any case for an election. Where the plaintiff, having really only one cause of action, sets it forth in several counts, or divisions, in his complaint, the defendant may, by motion, require the plaintiff to elect on which count he will rely. (*Hillman* v. *Hillman*, 14 *How.* 456. *Ford* v. *Mattice*, *Id.* 91. *Lackey* v. *Vanderbilt*, 10 *id.* 161.) But that is not the present case. Here, instead of the same cause of action being alleged in several counts, the complaint confessedly sets out two causes of action, which the defendants allege are improperly joined. If the defendants had not demurred, the plaintiff would have brought the defendants to trial on both of the alleged causes of action, as was done in *Demott* v. *Field, adm'r,* (7 *Cowen*, 58.) If the defendants had made a motion that the plaintiff be required to elect which of the two causes of action alleged in his complaint the plaintiff would try, they would have met with the answer, that they should have demurred.

IV. The 144th section of the Code provides, that " the defendant may demur to the complaint when it shall appear upon the face thereof." " 5. That several causes of action have been improperly united."

The defendants claim that they have shown that, in this complaint, two causes of action are improperly united. That being so, the defendants should have had judgment on the demurrer, and the order of the court, at special term, overruling the demurrer, ought to be reversed.

*R. H. Corbett*, for the respondents.

I. The demurrer is under subdivision 5, § 144, of the Code, and as it distinctly specifies the grounds of objection, as provided for by section 145, it is so framed as to

exclude all other grounds of objection. (*Nellis* v. *De Forest*, 16 *Barb.* 65.) An inspection of the complaint will show that no well founded objection to the allegations therein contained exists. In not a single instance are the defendants sought to be charged in their own right; they are charged, throughout, as executors, and not individually. Their testator drew from the bank a portion of the money, placed by mistake to his credit, in his lifetime, for which his estate is liable. And the appellants, after their testator's death, as executors of his estate, withdrew the balance, upon certificate issued by the surrogate of New York county, that they were the executors of the deceased. This is also a charge against the estate, and the executors, as the representatives of the estate, should repay it, and the action is, therefore, properly brought. In *Carter* v. *Phelps*, (8 *John.* 441,) it was held that a count, on a promise made by an executor or administrator, as such, and in which he is not charged as personally liable, may be joined with a count on a promise made by the intestate. The rule has become settled, citing 1 *H. Black.* 102 ; *Secar* v. *Atkinson*, (7 *Bro. Parl. Cas.* 550 ;) *Ex'rs of Hughes* v. *Hughes*, (6 *John.* 116 ; 1 *Chitty on Pl.* 205, *b.*; 2 *id.* 61.)

II. Section 167 of the Code, subdivision 1, provides that the plaintiff may unite in the same complaint several causes of action, when they all arise out of the same transaction, or transactions, connected with the same subject of action. Here the payment of $600 by the respondents, to the executors and their testator, all arose out of the same transaction, namely, the mistaken credit of $600 given, or placed to the account of McKinney in his lifetime. This case is somewhat analogous to *Pugsley* v. *Aikin*, (11 *N. Y.* 494,) in so far that the executors (appellants) herein, by withdrawing the balance, after the death of McKinney, credited by the respondents to him in his lifetime, acted in their representative capacity, and a demand for the

amount overpaid, after the testator's death, to his execu-
tors, is properly united with a demand for the sum over-
paid him in his lifetime.   The action is founded upon the
mistaken credit of $600, placed to McKinney's account by
the respondents ; the payment of part of that sum, by mis-
take, to McKinney in his lifetime, and the payment of
the remainder to the appellants, as executors, by the bank,
before discovery of the error, in giving the testator credit
for a deposit which he never made.   The appellants are
liable in their representative capacity, and this is all that
the complaint claims.

*By the Court,* CARDOZO, J.   There is only one cause of
action stated in the complaint, and that is to recover from
the defendants the sum of $600 which the estate of the
deceased had received, to which it was not entitled.   The
complaint shows how it was paid, that is to say, part of
it to the deceased in his lifetime, and the rest to the ex-
ecutors.   The law implies a promise upon the part of the
deceased, in his lifetime, and of his executors after his
death, to repay the amount which he overdrew ; and it
implies a promise on the part of the executors to repay,
also, the sum that they withdrew.   After stating the facts,
therefore, that part was withdrawn by the deceased, and
part by the executors, the law will raise a promise on the
part of the latter to repay the whole ; and an action could
be supported on that promise.

The judgment should be affirmed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, January 1, 1872,
*Cardozo* and *George G. Barnard* Justices.]